FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 0 9 2012

JAMES W. McCORMACK, CLERK
By: _____
                    DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## LITTLE ROCK DIVISION

STATE OF ARKANSAS *ex rel.*
DUSTIN MCDANIEL, ATTORNEY GENERAL                    PLAINTIFF

v.            Case No: 4:12-CV-491 JLH

KENNETH SALLIES                    DEFENDANT

---

## COMPLAINT

---

COMES NOW, the State of Arkansas ("the State") *ex rel.* Dustin McDaniel, Attorney

General, and for its Complaint against the Defendant Kenneth Sallies ("the Defendant"), states

and alleges as follows:

This case assigned to District Judge _Holmes_
and to Magistrate Judge _Deere_

### I.    INTRODUCTION

1.    The Defendant has solicited Arkansas consumers through the use of automated

telephone calls ("robocalls"). The purported purpose of the robocall solicitation was to market

assistance for consumers in obtaining lower credit card interest rates. However, the Defendant

never intended to actually help the consumer obtain a lower interest rate. The Defendant

orchestrated this scheme to make money off of consumers without providing an actual service.

As outlined herein, the acts and practices undertaken by the Defendant were in violation of

federal and state law.

2.    This is civil action brought pursuant to the Telemarketing and Consumer

Protection Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. § 6101, *et seq.*, the

Telemarketing Sales Rule, 16 C.F.R. § 310, the Arkansas Consumer Telephone Privacy Act, ARK.

CODE ANN. § 4-99-401, *et seq.*, and the Arkansas Deceptive Trade Practices Act, ARK. CODE ANN. § 4-88-101, *et seq.*

3.     The State, as *parens patriae*, is authorized by 15 U.S.C. § 6103(a) to file a federal district court action to seek to enjoin violations of the Telemarketing Sales Rule, to enforce compliance with the Telemarketing Sales Rule, to obtain damages, restitution, or other compensation on behalf of the residents of the state of Arkansas, and to obtain such further and other relief as the Court may deem appropriate.

4.     The State seeks an injunction, an order of restitution, the imposition of civil penalties, and other ancillary relief against the Defendant for the violations of the aforementioned laws.

## II.     PARTIES

5.     Plaintiff is the State of Arkansas *ex rel.* Dustin McDaniel, Attorney General of Arkansas.  Attorney General McDaniel is the chief legal officer of the State.  Pursuant to 15 U.S.C. § 6103(a) and ARK. CODE ANN. § 4-88-104, the State may seek civil enforcement of the Telemarketing Sales Rule and the Arkansas Deceptive Trade Practices Act.  Pursuant to ARK. CODE ANN. § 4-99-407(b), the State may seek civil enforcement of the Arkansas Consumer Telephone Privacy Act.

6.     Defendant Kenneth Sallies is a Florida resident.  Kenneth Sallies is the former owner of Customer Global Services, L.L.C., and various other companies.  Customer Global Services' registered agent for service of process was Kenneth Sallies, 732 Sherwood Drive, Winter Springs, FL 32708.  Customer Global Services, L.L.C. was registered with the Florida Secretary of State.  Customer Global Services, L.L.C. was dissolved on February 7, 2012.

7.      Defendant Kenneth Sallies operated, controlled, and directed the business activities of Customer Global Services, L.L.C.  Kenneth Sallies was a controlling person of Customer Global Services, L.L.C., within the meaning of ARK. CODE ANN. § 4-88-113(d).  As such, he is personally liable for not only his personal acts which violated Arkansas law, but also for the individual and collective acts of Customer Global Services, L.L.C.

### III.      JURISDICTION

8.      This Court has jurisdiction over portions of this action under 15 U.S.C. § 6103(a), which provides, in part: "Whenever an attorney general of any State has reason to believe that the interests of the residents of that State have been or are being threatened or adversely affected because any person has engaged or is engaging in a pattern or practice of telemarketing which violates any rule of the [Federal Trade] Commission under section 6102 of this title, the State, as *parens patriae*, may bring a civil action on behalf of its residents in an appropriate district court of the United States ...."

9.      As to the remaining claims of the State, this Court has jurisdiction under 28 U.S.C. § 1367(a), which provides, in part: "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

10.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), which provides that a civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought in a judicial district where any defendant resides, if all defendants reside in the same district or a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## IV.    FACTUAL ALLEGATIONS

11.     Kenneth Sallies, either on his own or through other persons, has placed and continues to place outbound telephone calls to consumers within the State of Arkansas.

12.     Kenneth Sallies placed these calls for the purpose of marketing products to Arkansas consumers.   These unsolicited telemarketing calls were made via an auto-dialing device that played a prerecorded message (referred to as "robocalls").  With the use of robocalls, sales agents neither selected nor dialed individual telephone numbers on behalf of Kenneth Sallies.

13.     The Defendant utilized this system to maximize the number of consumers he could contact with his sales pitch.  Auto-dialing devices increase the number of calls a telemarketer can place to consumers while decreasing the cost of placing the calls.  The price of placing the calls decreases because there is no need for actual people to place the calls.

14.     Defendant's robocalls offered to lower consumers' credit card interest rates.  The robocall then enticed consumers into obtaining additional information about this debt relief service by directing them to enter a prompted number to speak with a live sales agent.

15.     By law telemarketers and sellers are prohibited from calling phone numbers that are registered on the Do Not Call List.  They are required to search the Do Not Call List at least once every 31 days.  The robocalls placed by the Defendant were made to consumers whose telephone numbers were registered on the national Do Not Call List.

16.     Telemarketers are only allowed to contact consumers on the Do Not Call List for the purpose of selling a good or service if they have an express agreement, in writing, of the consumer's authorization that telemarketing calls could be placed to their telephone numbers by the Defendant, or if they have an established prior or existing business relationship with the

4

Defendant. The Arkansas consumers who received these robocalls did not fall within either of these two categories.

17.     During these robocalls and in subsequent communications, Kenneth Sallies made various representations to consumers, including, but not limited to, statements that the he could assist consumers by negotiating lower credit card interest rates.

18.     Throughout the solicitation and payment process, the Defendant never had any intent, nor any reasonable expectation, to fulfill his promises.

19.     The representations made in the unsolicited telemarketing calls were false and misleading, in that Kenneth Sallies did not have the intent, nor any reasonable expectation, to obtain the promised interest rate reductions; nor did Sallies have any more means to do so than did the consumers themselves. The Defendant's practices have been damaging to consumers and a burden on the state.

## V.     VIOLATIONS OF LAW

### A.     Telemarketing and Consumer Fraud and Abuse Prevention Act and the FTC Telemarketing Sales Rule

20.     The State incorporates by reference the allegations set forth in paragraphs 1 through 19 above.

21.     15 U.S.C. § 6101, *et seq.*, otherwise known as the Telemarketing and Consumer Fraud and Abuse Prevention Act, and 16 C.F.R. § 310, otherwise known as the Telemarketing Sales Rule, sets forth the federal statutory and regulatory program governing deceptive telemarketing acts or practices and abusive telemarketing acts or practices, including, but not limited to, violations of the national "Do-Not-Call" registry maintained by the FTC.

22.     The FTC promulgated the Telemarketing Sales Rule pursuant to 15 U.S.C. § 6102.

23.    15 U.S.C. § 6102(a)(3)(A) provides that the FTC shall promulgate rules respecting abusive telemarketing acts or practices that prohibit telemarketers from undertaking a pattern of unsolicited telephone calls that the reasonable consumer would consider coercive or abusive of such consumer's right to privacy.

24.    Kenneth Sallies is a "seller" or "telemarketer" engaged in "telemarketing," as those terms are defined in the Telemarketing Sales Rule.  16 C.F.R. § 310.2(aa); 16 C.F.R. § 310.2(cc); 16 C.F.R. § 310.2(dd).

25.    The Defendant did not have an "established business relationship" with the targeted consumers as defined in the Telemarketing Sales Rule. 16 C.F.R. § 310.2(o).

26.    117 Stat. 1006 ratified the authority of the FTC to implement and enforce a national "Do-Not-Call" registry under the provisions of 15 U.S.C. § 6102(a)(3)(A).

27.    Pursuant to 16 C.F.R. § 310.4(b)(3)(iv), a seller or telemarketer will not be liable under 16 C.F.R. § 310.4(b)(1)(iii) if the seller or telemarketer "uses a process to prevent telemarketing to any telephone number on any list established pursuant to § 310.4(b)(3)(iii) or 310.4(b)(1)(iii)(B), employing a version of the "do-not-call" registry obtained from the Commission no more than thirty-one (31) days prior to the date any call is made, and maintains records documenting this process."   The Defendant did not comply with 16 C.F.R. § 310.4(b)(3)(iv) to insure that no calls were placed to consumers on the "Do-Not-Call" list.

28.    Pursuant to 16 C.F.R. § 310.4(b)(1)(iii)(B), it is an abusive telemarketing act or practice and a violation of the Telemarketing Sales Rule for a telemarketer to engage in, or for a seller to cause a telemarketer to engage in, the initiation of any outbound telephone call to a person when that person's telephone number is on the "Do-Not-Call" registry, maintained by the FTC, of persons who do not wish to receive outbound telephone calls to induce the purchase of

6

goods or services, unless the seller: (i) has obtained the express agreement, in writing, of such person to place calls to that person, with such written agreement clearly evidencing such person's authorization that calls made by or on behalf of a specific party may be placed to that person and including the telephone number to which the calls may be placed and the signature of that person, or (ii) has an established business relationship with such person and that person has not stated that he or she does not wish to receive outbound telephone calls under 16 C.F.R. § 310.4(b)(1)(iii)(A). The Defendant caused calls to be made to consumers on the "Do-Not-Call" registry for the purpose of soliciting business. The Defendant had neither a business relationship with the consumers nor an express agreement with consumers stating that Defendant could call them.

29.     The Telemarketing Sales Rule prohibits telemarketers and sellers from preventing the transmission of their number to any caller identification service in use by the recipient of the telemarketing call. 16 C.F.R. § 310.4(a)(8). The Defendant, when using telemarketing to advertise his deceptive services, prevented his number from displaying on consumers' caller identification service.

30.     The Telemarketing Sales Rule prohibits telemarketers and sellers from causing outgoing calls that deliver pre-recorded messages to be made to consumers. 16 C.F.R. § 310.4(b)(1)(v). The Defendant caused outgoing calls with pre-recorded messages to be made to consumers. The Defendant had no statutory exemption permitting such conduct.

31.     The Telemarketing Sales Rule prohibits telemarketers and sellers from misrepresenting, directly or by implication, "[a]ny material aspect of the performance, efficacy, nature, or central characteristics of goods or services that are subject to a sales offer." 16 C.F.R. § 310.3(a)(2)(iii). The Defendant continually assured consumers that he could lower the

7

consumers' credit card interest rate. Consumers have as much means to negotiate a lower interest rate as does the Defendant. The Defendant implicitly represented to consumers that only the Defendant could negotiate a lower interest rate for the consumer, a representation that was false.

32.     Under 15 U.S.C. § 6103(a), "whenever an Attorney General of any State has reason to believe that the interests of the residents of that State have been or are being threatened or adversely affected because any person has engaged or is engaging in a pattern or practice of telemarketing which violates any rule of the FTC under section 6102 of this title, the State, as *parens patriae*, may bring a civil action on behalf of its residents in an appropriate district court of the United States to enjoin such telemarketing, to enforce compliance with such rule of the FTC, to obtain damages, restitution, or other compensation on behalf of residents of such State, or to obtain such further and other relief as the court may deem appropriate."

33.     Pursuant to 15 U.S.C. § 6103(b) and 16 C.F.R. § 310.7(a), prior to bringing suit to enforce the requirements of the Telemarketing and Consumer Fraud and Abuse Prevention Act and its corresponding regulation, an Attorney General must provide written notice to the FTC. (A copy of the Notice of Initiation of Legal Action against Defendant that was provided to the FTC in this matter is attached hereto as Exhibit 1.)

## B.     Arkansas Consumer Telephone Privacy Act

34.     The State incorporates by reference the allegations set forth in paragraphs 1 through 33 above.

35.     ARK. CODE ANN. § 4-99-401, *et seq.*, otherwise known as the Arkansas Consumer Telephone Privacy Act, sets forth the State's statutory program governing telemarketing to those Arkansas residents affirmatively objecting to unsolicited telephone solicitations.

36.     Pursuant to ARK. CODE ANN. § 4-99-404(1), the Attorney General shall establish a statewide database composed of a list of telephone numbers of consumers who object to receiving telephone solicitations.

37.     ARK. CODE ANN. § 4-99-404(2)(C)(i) provides that "[t]he database may include Arkansas consumers who have registered for the national "Do-Not-Call" registry established and maintained by the FTC pursuant to 16 C.F.R. § 310.4 . . . ."

38.     Pursuant to ARK. CODE ANN. § 4-99-405(1), it is a violation of the Arkansas Consumer Telephone Privacy Act to "[m]ake or transmit a telephone solicitation to the telephone number of any consumer included in the then-current database maintained by the Attorney General . . . ." The Arkansas database has been merged with and is now maintained concurrently with the FTC database. The Defendant has transmitted telephone solicitations to the telephone numbers of Arkansas consumers included in the database.

39.     Likewise, under ARK. CODE ANN. § 4-99-405(3), it is a violation of the Arkansas Consumer Telephone Privacy Act to make or transmit a telephone solicitation if that telephone solicitation violated the national "Do-Not-Call" rule set out in 16 C.F.R. § 310.4. The Defendant has transmitted telephone solicitations to Arkansas consumers that have violated the national "Do-Not-Call" rule.

40.     A "consumer" is any person who has been assigned in the State of Arkansas any residential telephone line and corresponding telephone number. ARK. CODE ANN. § 4-99-403(3).

41.     The term "telephone solicitation" means the initiation of a telephone call or message for the purpose of encouraging the purchase, or rental of, or investment in property, goods, or services, which telephone call or message is transmitted to any consumer, but such term does not include a call or message to any person made with that person's prior written

express invitation or permission, or a call or message to any consumer with whom the telephone

solicitor has a prior or existing business relationship. ARK. CODE ANN. § 4-99-403(6).

42.    "Person" means "any individual, group, unincorporated association, limited or

general partnership, limited liability corporation, corporation, professional fund raiser, charitable

organization, or other business entity." ARK. CODE ANN. § 4-99-403(4).

43.    The term "prior or existing business relationship" means a relationship in which

some financial transaction has transpired between the consumer and the telephone solicitor or its

affiliates within the 36 months preceding the contemplated telephone transaction, but the term

shall not include the solicitation wherein the consumer has merely been subject to a telephone

solicitation by the telephone solicitor within the 36 months preceding the contemplated telephone

solicitation. ARK. CODE ANN. § 4-99-403(5).

44.    The Defendant is a "person" who has made "telephone solicitations" regarding

debt relief services to "consumers" that are enrolled in the database of those Arkansans objecting

to such telemarketing calls.

45.    The Defendant did not have a "prior or existing business relationship" with these

Arkansas consumers.

46.    ARK. CODE ANN. § 4-99-407(a) provides that any violation by a person of the

prohibitions set out in ARK. CODE ANN. § 4-99-405 shall constitute an unfair or deceptive act or

practice as defined by ARK. CODE ANN. § 4-88-101 *et seq.*, of the Arkansas Deceptive Trade

Practices Act.

47.    Pursuant to ARK. CODE ANN. § 4-99-407(b), all authority granted to the Attorney

General under the Arkansas Deceptive Trade Practices Act shall be granted to and available to

the Attorney General for the enforcement of the Arkansas Consumer Telephone Privacy Act.

## C.   Arkansas Deceptive Trade Practices Act

48.    The State incorporates by reference the allegations set forth in paragraphs 1 through 47 above.

49.    ARK. CODE ANN. § 4-88-101 *et seq.*, otherwise known as the Arkansas Deceptive Trade Practices Act ("ADTPA"), sets forth the State's statutory program prohibiting deceptive and unconscionable trade practices.

50.    The business practices of the Defendant constitute the sale of "goods" or "services" within the meaning of ARK. CODE ANN. § 4-88-102(4) and (7).   The same business practices constitute business, commerce, or trade within the meaning of ARK. CODE ANN. § 4-88-107.

51.    ARK. CODE ANN. § 4-88-107(a)(1) provides that it shall be unlawful to "knowingly make a false representation as to the characteristics, uses, benefits ... of goods or services ...."   The Defendant has engaged in prohibited conduct by misrepresenting to consumers that the Defendant could lower the consumers' credit card interest rates.   The Defendant had no more means to do so than the consumers themselves.   Further, the Defendant never had the capacity, nor any reasonable expectation, that he would be able to lower the interest rates for consumers.

52.    ARK. CODE ANN. § 4-88-107(a)(10) provides that it shall be unlawful to engage in unconscionable, false, or deceptive acts or practices in business, commerce, or trade.   For many of the telemarketing solicitations by the Defendant, he had no capacity, nor any reasonable expectation, of actually assisting consumers with their credit card interest rate.   This is a deceptive and unconscionable trade practice prohibited by ARK. CODE ANN. § 4-88-107(a)(10).

53.    ARK. CODE ANN. § 4-88-107(a)(11) prohibits persons from "[d]isplaying or causing to be displayed a fictitious or misleading name or telephone number on an Arkansas

11

resident's telephone caller identification service."   The Defendant has caused misleading telephone numbers to show up on Arkansas residents' telephone caller identification services.

54.   ARK. CODE ANN. § 4-88-108 prohibits the use of concealment, suppression, or omission of any material fact in the connection with the sale or advertisement of any goods and services.   The Defendant has engaged in prohibited conduct by intentionally failing to inform Arkansas consumers that the Defendant had no real expertise in regards to lowering credit card interest rates and also intentionally failing to inform Arkansas consumers that the Defendant had no capacity, nor any reasonable expectation, of actually negotiating a lower interest rate for consumers.

55.   The Defendant has engaged in a course of trade or commerce and has engaged in acts or practices that constitute unfair or deceptive acts or practices, each of which is a violation of the ADTPA.

**PRAYER FOR RELIEF**

56.   Under the provisions of the Telemarketing Act, 15 U.S.C. § 6103(a), this Court is empowered to grant injunctive and such other relief as the Court may deem appropriate to halt and redress violations of the Telemarketing Sales Rule.

57.   Pursuant to the Telemarketing Act, 15 U.S.C. § 6103(a), this Court is empowered to enter such orders or judgments as may be necessary to restore to any consumer who has suffered any ascertainable loss by reason of the use or employment of any prohibited practices any monies which may have been acquired by the Defendant in violation of the Telemarketing Sales Rule.

58.   Under the provisions of ARK. CODE ANN. §§ 4-88-104 and 4-88-113(a)(1), the Attorney General may seek an injunction prohibiting any person from engaging in any deceptive

or unlawful practice.

59.    Pursuant to ARK. CODE ANN. § 4-88-113(a)(2)(A), the Court may enter such orders or judgments as are necessary to "[r]estore to any purchaser who has suffered any ascertainable loss by reason of the use or employment of the prohibited practice any moneys or real or personal property which may have been acquired by means of any practices declared to be unlawful . . . together with other damages sustained."

60.    Pursuant to ARK. CODE ANN. § 4-88-113(a)(3), any person who violates the provisions of the Arkansas Deceptive Trade Practices Act may be assessed a civil penalty of up to $10,000 per violation.

61.    In addition, under the provisions of ARK. CODE ANN. § 4-88-113(e), any person who violates the provisions of the Arkansas Deceptive Trade Practices Act shall be liable to the Office of the Attorney General for all costs and fees, including but not limited to, expert witness fees and attorney's fees, incurred by the Office of the Attorney General in the prosecution of such actions.

62.    The Defendant is a "person" who has engaged in an unconscionable, false, or deceptive act or practice in business, commerce, as set out more specifically above.

WHEREFORE, the above premises considered, the State of Arkansas *ex rel.* Dustin McDaniel, Attorney General, respectfully requests that this Honorable Court:

(A)    Issue such orders, pursuant to 15 U.S.C. § 6103(a), ARK. CODE ANN. §§ 4-88-104, and 4-88-113(a)(1), as may be necessary to prevent the use or employment by the Defendant of the practices described herein which are violations of the Arkansas Deceptive Trade Practices Act and the Telemarketing Sales Rule;

(B)    Issue an order, pursuant to 15 U.S.C. § 6103(a) and ARK. CODE ANN. § 4-88-113(a)(2)(A), requiring the Defendant to pay consumer restitution to those Arkansas consumers affected by the activities outlined herein; in addition, or in the alternative, enter an order requiring the Defendant to disgorge all sums obtained from Arkansas consumers by methods prohibited by Arkansas law;

(C)    Impose civil penalties pursuant to ARK. CODE ANN. § 4-88-113(a)(3) to be paid to the State by the Defendant in the amount of $10,000.00 per each violation of the Arkansas Deceptive Trade Practices Act proved at a trial of this matter;

(D)    Issue an order, pursuant to ARK. CODE ANN. § 4-88-113(e), requiring the Defendant to pay the State's costs in this investigation and litigation, including, but not limited to, attorney's fees and costs; and

(E) For all other just and proper relief to which the Plaintiff may be entitled.

Respectfully Submitted,

DUSTIN MCDANIEL
Attorney General

By: _____

Bart W. Calhoun, Ark. Bar No. 2011221
Assistant Attorney General
Office of the Arkansas Attorney General
323 Center Street, Suite 500
Little Rock, Arkansas  72201
(501) 682-3561
bart.calhoun@arkansasag.gov

Sarah R. Tacker, Ark. Bar No. 2002189
Senior Assistant Attorney General
Office of the Arkansas Attorney General
323 Center Street, Suite 500
Little Rock, Arkansas  72201
(501) 683-1321
sarah.tacker@arkansasag.gov