**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

STATE OF ARKANSAS *ex rel.*                                                                              PLAINTIFF
DUSTIN MCDANIEL, ATTORNEY GENERAL

v.                                              No. 4:12CV00497 JLH

KENNETH SALLIES                                                                                           DEFENDANT

**DEFAULT JUDGMENT**

   The State of Arkansas claims that Kenneth Sallies violated the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. §§ 6101–6108, the Telemarketing Sales Rule, 16 C.F.R. § 310, the Arkansas Consumer Telephone Privacy Act, Ark. Code Ann. § 4-99-401 *et seq.*, and the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. § 4-88-101 *et seq.* According to the complaint, Sallies used an automated dialing system to place unwanted calls to Arkansas consumers whose telephone numbers were registered on the national Do Not Call registry, in an attempt to receive money from the consumers for services he could not render. The text of these "robo-calls" represented to consumers that Sallies could lower their credit card interest rates.

   The State has moved for a default judgment against Sallies. Sallies has been properly served. Document #6. Sallies has not answered the complaint or responded to the motion for default judgment. On June 12, 2013, pursuant to Federal Rule of Civil Procedure 55(a), the Clerk entered Sallies' default. Document #8. Because Sallies has not answered or otherwise made any defense to the State's complaint and is wholly in default, it is hereby ORDERED and ADJUDGED:

   1.  Kenneth Sallies is in default. Pursuant to Federal Rule of Civil Procedure 55(a), the State's motion for default judgment is GRANTED. Document #9. By virtue of default, Sallies has admitted all well-pleaded allegations in the complaint. *See, e.g.*, *Angelo Iafrate Const., LLC v.*

*Potashnick Const., Inc.*, 370 F.3d 715, 722 (8th Cir. 2004); *Miller v. Tony and Susan Alamo Found.*, 748 F. Supp. 695, 697 (W.D. Ark. 1990).

2. Sallies has violated the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. §§ 6101-6108, the Telemarketing Sales Rule, 16 C.F.R. § 310, the Arkansas Consumer Telephone Privacy Act, Ark. Code Ann. § 4-99-401 *et seq.*, and the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. § 4-88-101 *et seq.*

3. Pursuant to Ark. Code Ann. § 4-88-113(a)(1) and 15 U.S.C. § 6103(a), Sallies is permanently enjoined and restrained from placing, or causing to be placed, unsolicited telemarketing robo-calls or unauthorized live telemarketing calls to consumers in the United States. Sallies is further enjoined from owning, operating, or working at any business that markets services that purport to lower credit card interest rates or provide other debt relief services as defined in the Telemarketing Sales Rule, 16 C.F.R. § 310.2(m).

4. Based on the State's arguments and the affidavits attached to its motion for default judgment, the Court finds that Sallies has committed a minimum of eight violations of the Arkansas Consumer Telephone Privacy Act. Violations of the Arkansas Consumer Telephone Privacy Act are *per se* violations of the Arkansas Deceptive Trade Practices Act. Ark. Code Ann. § 4-99-407. Pursuant to Ark. Code Ann. § 4-88-113(a)(3), this Court has authority to impose civil penalties of up to $10,000 per violation for violations of the Arkansas Deceptive Trade Practices Act. The Court imposes a penalty of $2,500 for each violation of the Arkansas Deceptive Trade Practices Act. Civil penalties are assessed against Sallies in the amount of $20,000. Judgment in this amount is entered in favor of the State.

5.	The Arkansas Deceptive Trade Practices Act provides that "the Attorney General shall be entitled to all expenses reasonably incurred in the investigation and prosecution of suits." Ark. Code Ann. § 4-88-113(e). Based on the affidavit of counsel of record, the Attorney General's Office is awarded $4,500 for its reasonably incurred expenses in investigating and prosecuting this action.

For the reasons stated, judgment is entered in favor of the State of Arkansas against Kenneth Sallies in the amount of $20,000 for civil penalties, plus $4,500 for expenses reasonably incurred in investigating and prosecuting this action, for a total of $24,500, for all of which garnishment and execution may issue.

IT IS SO ORDERED this 4th day of September, 2013.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE